SATHRE, RESPONDENT, *v.* ROLFE ET AL., APPELLANTS.

(No. 1,918.)

(Submitted June 14, 1904.    Decided July 2, 1904.)

*Parol Evidence—Varying Written Contract—Fraud—Sales—Validity—Purchase-Money Notes—Assignment—Bona Fide Purchaser—Defenses.*

1. Plaintiff alleged mistake and fraud, and the evidence disclosed that the inducement held out to plaintiff to sign an agreement was based on fraudulent representations of defendants that a lease need not be mentioned in a contract of sale of a business and the lease. *Held,* that evidence was admissible showing the purchase of the lease and defendants' fraudulent conduct, over objection that it varied the contract.

2. Where plaintiff purchased a leasehold interest, paid the consideration, and went into possession of the premises with defendants' consent, and the promise to obtain the transfer of the lease was the inducement to sign a

contract, omitting mention of the lease, on the sale of a business, defend-
ants, without placing plaintiff in *statu quo,* could not assert that the prom-
ise to procure the lease was void under the statute of frauds.

3.   Where a contract of sale of a business omitted reference to a leasehold in-
terest by fraudulent representations of defendants as to the lease being a
separate writing, evidence showing the purchase of the leasehold interest
was admissible, as being independent and collateral to the portion which
was reduced to writing.

4.   Where defendant assigned notes given as consideration on the sale of a
business, which he induced by fraud, to a third person as security for a pre-
existing debt, such third person was not a *bona fide* holder, and the notes
were subject to all the defenses which might have been urged against them
in the hands of defendant.

*Appeal from District Court, Silver Bow County; E. W. Har-
ney, Judge.*

Action by Sophie Sathre against Christina Rolfe and others.
From a judgment for plaintiff, defendants appeal.   Affirmed.

*Mr. B. S. Thresher,* for Appellants.

*Mr. George M. Bourquin,* for Respondent.

MR. COMMISSIONER CLAYBERG prepared the follow-
ing opinion for the court:

Appeal from a judgment against defendants.   The facts as
disclosed by the record are, briefly, as follows:   Defendant Rolfe
was proprietress of the Red Boot lodging house, in the city of
Butte; she occupied the premises under an unexpired written
lease from O'Rourke.   Defendant Wilson was a real estate agent
having his office in this lodging house, and negotiated an oral
agreement for the sale of the business of defendant Rolfe to
plaintiff Sathre, for the sum of $1,850.   By this oral agreement
the sale included the leasehold interest in the property, as well
as the furniture and fixtures used in the business.   Wilson un-
dertook to reduce the oral agreement to writing, but fraudu-
lently omitted therefrom all mention of the leasehold interest.
Plaintiff testified as to this transaction as follows:   "Mr. Wilson
asked me to sign the agreement, or the contract, and read it over,
and when I saw the lease was not mentioned in' it I said, 'Why,

hadn't the lease ought to be mentioned in this?' and he said: 'No, that is not necessary; that is a separate paper by itself; I will get that paper, and will give it to you.' He says: 'This don't amount to anything anyhow, and it is just a custom that real estate men have and use'; and I believed I could rely on what he said, and signed it."

The complaint alleges, among other things, that said defendants, "with intent to deceive and defraud the plaintiff, did knowingly, falsely and fraudulently represent to her that they had the right to and could sell said lease and vest plaintiff with a good title thereto, and promised plaintiff that, if she would purchase the property aforesaid, they would procure the consent of the lessor to the sale of said lease to plaintiff. That the plaintiff, believing and relying on said representations and promise, and induced thereby, and without knowledge to the contrary, purchased said lease and the contents of said lodging house from said defendants, and paid them therefor the sum of $1,850. * * * That, on or about the time aforesaid, said defendants procured plaintiff to sign an agreement to purchase, intended to express said contract, in which the said lease and its sale to plaintiff was not set out. That she signed said agreement, relying on and believing said defendants' assurances then made, viz., that the said lease, being a separate writing, need not be mentioned in said agreement, but itself would be delivered to her when received by said defendants from the lessor, and thereby induced thereto, and by said defendants' promise to secure and deliver said lease to her, which promise was made by them with no intent to perform the same."

It is also alleged that the lease was not assignable without the consent of the lessor, and that he refused such consent, and that the promise of defendants to procure the lessor's consent to the agreement of sale was made "without any intent to perform the same, and to deceive and defraud plaintiff." That plaintiff paid $1,300 in cash, and gave defendant Rolfe her promissory notes for the remaining $550, secured by chattel mortgage upon the furniture so purchased. Plaintiff prayed for the surrender

and cancellation of these notes and chattel mortgage, and for a recovery of a portion of the consideration paid. She succeeded in obtaining such decree, and defendants appeal.

Upon the trial of the case plaintiff offered testimony to show the original purchase of this leasehold interest, and the fraudulent acts, representations and conduct of defendants Rolfe and Wilson as alleged, which was objected to on the ground that it varied the terms of the written contract, and was inadmissible under Section 2186 of the Civil Code, which reads as follows: "The execution of a contract in writing, whether the law requires it to be written or not, supersedes all the oral negotiations or stipulations concerning its matter which preceded or accompanied the execution of the instrument."

Section 3132 of the Code of Civil Procedure provides: "When the terms of an agreement have been reduced to writing by the parties, it is to be considered as containing all those terms, and therefore there can be between the parties and their representatives, or successors in interest, no evidence of the terms of the agreement other than the contents of the writing, except in the following cases: (1) Where a mistake or imperfection of the writing is put in issue by the pleadings. (2) Where the validity of the agreement is the fact in dispute. But this section does not exclude other evidence of the circumstances under which the agreement was made, or to which it relates, as defined in Section 3136, or to explain an extrinsic ambiguity, or to establish illegality or fraud. The term 'agreement' includes deeds and wills, as well as contracts between parties."

Section 2117 of the Civil Code provides: "Actual fraud, within the meaning of this chapter, consists in any of the following acts, committed by a party to the contract, or with his connivance, with intent to deceive another party thereto, or to induce him to enter into the contract: * * * (4) A promise made without any intention of performing it; or, (5) any other act fitted to deceive."

Section 2123 of the Civil Code provides: "Mistake of law constitutes a mistake within the meaning of this article, only

when it arises from : * * *    (2) A misapprehension of the law by one party, of which the others are aware at the time of contracting, but which they do not rectify."

It is apparent that the complaint alleges a mistake or imperfection in the writing, fraud, and the invalidity of the written agreement. It is equally apparent that the oral evidence was offered to establish such mistake, imperfection, illegality and fraud.

The allegations of the complaint and the testimony offered by plaintiff show that the defendants Rolfe and Wilson well knew that the original lease from O'Rourke to Rolfe was not assignable without the consent of O'Rourke; that plaintiff at the time she made the purchase and signed the written contract had never seen the lease, and had no knowledge that it contained such provision. Plaintiff alleges that they promised her to procure the consent of O'Rourke to the assignment and transfer of the lease to her without any intention of performing said promise, and the testimony offered in the case tends to support that contention. Proof was also introduced which tended to show acts on the part of defendants Rolfe and Wilson "which were fitted to deceive" and did deceive the the plaintiff. Both Rolfe and Wilson had knowledge of the fact that the lease from O'Rourke was not assignable without his consent, and the proof shows that the plaintiff at the time she signed the agreement knew nothing of the contents of the lease. There is no proof that the defendants honestly tried to obtain the consent of O'Rourke to the transfer of the lease. In their answer they deny that the leasehold interest was ever to be transferred to the plaintiff. So we must conclude that the record discloses actual fraud on the part of defendants Rolfe and Wilson in obtaining plaintiff's signature to the contract; that they made a promise which they did not intend to fulfill; that they knew the contents of the lease, and that it could not be transferred to plaintiff without the consent of O'Rourke; that plaintiff was ignorant of its contents; that they never honestly attempted to obtain such consent; that the inducement

held out to plaintiff to sign the agreement was based upon the fraudulent representations of defendants Rolfe and Wilson to the effect that the leasehold interest need not be mentioned in such contract, but that they would obtain it and deliver it to plaintiff. By these facts the plaintiff has shown a clear right to the equitable relief demanded, and under the above sections of the statute she had a right to make such showing, and the court did not err in admitting the testimony objected to.

Appellants' counsel insist that the oral sale of the leasehold interest was void under the statute of frauds. Under the facts and law above stated, we deem this proposition entirely immaterial. Plaintiff purchased the leasehold interest, paid the consideration therefor, and went into possession of the premises with the full consent of the defendants. The promise to obtain the transfer of the lease was the inducement for plaintiff's signing the contract. It would be extremely inequitable to hold that, after defendants had procured the consideration from the plaintiff and put her in possession of the property, they could come in, without placing plaintiff in *statu quo,* and assert that, notwithstanding such facts, their promise to procure the lease was void under the statute of frauds. They cannot thus benefit by their own fraudulent and wrongful acts and conduct.

The admissibility of the parol proof offered is so clear under the above statutes that we have not considered the question as to whether this proof was not also admissible upon the theory that an oral contract had been entered into, a portion of which had been reduced to writing and a portion of which had been fraudulently omitted from the writing, the omitted portion being independent of and entirely collateral to that portion which was reduced to writing. In the judgment of the writer of this opinion, this parol proof was equally admissible under this theory.

This leaves but the question as to the validity of the judgment against Beck. Four of the notes given were assigned to Beck as security for the payment of a pre-existing debt of defendant Rolfe. They were not indorsed to Beck, but assigned to him by

a separate instrument. He was in no sense a *bona fide* holder, and the notes were therefore subject to all the defenses which might have been urged against them had they remained in the hands of defendant Rolfe. (2 Randolph, Neg. Insts. 788, 789; 1 Daniels, Neg. Insts. 741.) There can be no doubt but that the plaintiff had a right to have the notes and chattel mortgage canceled in the hands of defendant Rolfe, and, inasmuch as defendant Beck simply stands in her shoes, they were subject to cancellation in his hands.

We advise that the judgment be affirmed.

PER CURIAM.—For the reasons stated in the foregoing opinion, the judgment is affirmed.

MR. JUSTICE MILBURN, not having heard the argument, takes no part in this decision.