HILLMAN ET AL., APPELLANTS, *v.* LUZON CAFE CO. ET AL., RESPONDENTS.

(No. 3,377.) ·

(Submitted April 30, 1914.  Decided May 13, 1914.)

[142 Pac. 641.]

*Contracts in Writing—Representations—Evidence—Admissibility — Acceptance — Effect — Counterclaim — Rescission — Instructions.*

Contracts—Representations—Pleadings and Proof—Irrelevancy.

1.  In an action to recover a balance due on the purchase price of · a lighting machine, the answer in which alleged affirmatively, among other things, that the contract had been entered *into* solely upon plaintiffs' representations as to the efficiency of the machine which proved untrue, evidence touching the effect of the plant upon defendants' insurance was irrelevant to the issues, in the absence of allegation as to its effect in that respect.

[As to reversal for variance or technical violation of rule that allegations and proof must agree, see note in Ann. Cas. 1913D, 68.]

Appeal and Error—Presumptions—What not Harmless Error.

2.  While prejudice will not be presumed from every erroneous ruling, still, if the effect of a series of such rulings is to tell the jury that evidence of the character referred to in paragraph 1, *supra*, is relevant and important, it may not be said that harm did or could not result.

Contracts—Pleadings—Insufficiency to Raise Issue.

3.  The averment in defendants' answer that plaintiffs had represented that the lighting machine "could be run at a given expense for a given length of time" was insufficient to raise an issue so as to admit evidence of a representation that the plant was capable of furnishing light for defendant's establishment at an operating cost of not to exceed a certain sum per month, whereas the actual cost was double that amount.

Same—Representations—Evidence—Admissibility

4.  The gravamen of defendants' answer having been that the written contract had been procured by false representations to induce

the purchaser of the lighting plant, parol evidence of such representations was admissible.

[As to parol evidence to explain mercantile and other contracts, see notes in 6 Am. Rep. 678; 28 Am. Rep. 210. As to parol evidence to show warranty outside of contract, see note in 5 Am. St. Rep. 197.]

Same.

5.   Under a provision of the contract referred to above, guaranteeing that the machine could perform its work "up to claims," and in the absence of any claims in that respect in the writing, parol evidence of representations by the seller were admissible under a proper pleading.

Same—Acceptance—Effect.

6.   Acceptance of a machine with knowledge on the part of the buyer of a particular defect prevents such defect from being available as a defense to an action for the purchase price, though it remains pleadable as a basis for a counterclaim.

[As to performance of executory contract for sale of personalty after discovery of fraud as affecting right to damages, see notes in 7 Ann. Cas. 280; 20 Ann. Cas. 172.]

Same—Counterclaim—Insufficiency.

7.   Counterclaim for the return of the purchase money paid for a machine, *held* obnoxious to the rule that the matter alleged must tend to diminish or defeat plaintiff's recovery, and must constitute a cause of action complete within itself.

Same—Retention and Use—Erroneous Instruction.

8.   An instruction that retention of the machine and use for any period of time, however short, and whether reasonable or not, constitutes an acceptance, was an erroneous statement of the law, and properly refused.

Same—Rescission—Instruction—Improper Refusal.

9.   Where the defense relied on in an action to recover on a written contract of purchase of a lighting plant was in effect a rescission, an offered instruction that a party seeking such relief must act promptly upon the discovery of facts entitling him to rescind was improperly refused.

*Appeal from District Court, Yellowstone County; Geo. W. Pierson, Judge.*

ACTION by J. C. Hillman and A. C. Temple, copartners doing business under the firm name of Montana F. P. Gas Machine Company, against the Luzon Cafe Company, a corporation, and others. From a judgment for defendants and an order denying a new trial, plaintiffs appeal. Reversed and remanded.

*Messrs. Reynolds & Collins,* for Appellants, submitted a brief; *Mr. Reynolds* argued the cause orally.

The execution of a contract in writing, whether the law requires it to be written or not, supersedes all the oral negotia-

tions or stipulations concerning the matter which preceded or accompanied the execution of the instrument. (2 Mechem on Sales, sec. 1254; *Ford* v. *Drake,* 46 Mont. 314; 127 Pac. 1019; *Kelly* v. *Ellis,* 39 Mont. 597, 104 Pac. 873.) In order that misrepresentation shall be sufficient to avoid a contract, "there must be a representation concerning a present or past condition, and not a mere promise as to the future." (2 Mechem on Sales, secs. 870, 871; *Dawe* v. *Morris,* 149 Mass. 188, 14 Am. St. Rep. 404, 4 L. R. A. 158, 21 N. E. 313; *Nounnan* v. *Sutter County Land Co.,* 81 Cal. 1, 6 L. R. A. 219, 22 Pac. 515; *Chicago etc. Ry. Co.* v. *Titterington,* 84 Tex. 218, 31 Am. St. Rep. 39, 19 S. W. 472; *Arnold* v. *Hagerman,* 45 N. J. Eq. 186, 14 Am. St. Rep. 712, 17 Atl. 93; *Adams* v. *Schiffer,* 11 Colo. 15, 7 Am. St. Rep. 202, 17 Pac. 21; *Koehler* v. *Glaum,* 169 Ill. App. 537; *Truman* v. *J. I. Case Threshing Mach. Co.,* 169 Mich. 153, 135 N. W. 89; *Sallies* v. *Johnson,* 85 Conn. 77, Ann. Cas. 1913A, 386, 81 Atl. 974; *Pedrick* v. *Porter,* 87 Mass. (5 Allen) 324.)

The court erred in refusing to give to the jury plaintiffs' offered instruction No. 4. The rule is well established that after purchaser has received the property which is the subject of a sale, retained it, and used it with knowledge of any defects existing therein, such retention and use of such property is an acceptance thereof. (*Tufts* v. *Mabie,* 7 Kan. App. 129, 53 Pac. 84; *Walter A. Wood M. & R. Machine Co.* v. *Calvert,* 89 Wis. 640, 62 N. W. 532; *Chambers* v. *Lancaster,* 160 N. Y. 342, 54 N. E. 707; *Overman et al.* v. *Nelson,* 15 Ky. Law Rep. 92; *Geo. D. Sisson L. & S. Co.* v. *Haak,* 139 Mich. 383, 102 N. W. 946; *Ellis* v. *Roche,* 73 Ill. 280; *McBride* v. *McClure,* 49 Ill. App. 612; *Logan* v. *Berkshire Apartment House,* 3 Misc. Rep. 296, 22 N. Y. Supp. 776; *Dennis* v. *Stoughton,* 55 Vt. 371.)

If a buyer would rescind, he must act promptly and consistently. If, having knowledge of such fraud as will justify repudiation, he does any act affirming the contract, he cannot afterward rescind. (*Houston* v. *Cook,* 153 Pa. 43, 25 Atl. 622; *Boles* v. *Merrill,* 173 Mass. 491, 73 Am. St. Rep. 308, 53 N. E. 894; *Wilder* v. *Beede,* 119 Cal. 646, 51 Pac. 1083; *Arnold* v. *Hagerman,* 45 N. J. Eq. 186, 14 Am. St. Rep. 712, 17 Atl. 93;

*Ruhl* v. *Mott,* 120 Cal. 668, 53 Pac. 304; *Ott* v. *Pace,* 43 Mont. 82, 115 Pac. 37.)    A purchaser cannot rescind a contract on the ground of misrepresentations, and recover money paid on the purchase price, without it appears that such purchaser relied upon such misrepresentations, was deceived thereby and thus induced to make the contract in question.    (*Bowe* v. *Gage,* 127 Wis. 245, 115 Am. St. Rep. 1010, 106 N. W. 1074; *Devlin* v. *Moore,* 64 Or. 433, 130 Pac. 35; *Hutchason* v. *Spinks,* 3 Cal. App. 291, 85 Pac. 132; *Kain* v. *Rinker,* 1 Ind. App. 86, 27 N. E. 328; *Jakway* v. *Proudfit,* 76 Neb. 62, 14 Ann. Cas. 258, 106 N. W. 1039, 109 N. W. 388.)    The counterclaim fails to allege that defendants relied upon such alleged misrepresentations, were deceived thereby, and that by reason thereof were induced to make the contract in question, and, therefore, fails to state a cause of action.

*Messrs. Loud, Collins, Brown, Campbell & Wood,* for Respondents, submitted a brief; *Mr. Loud* argued the cause orally.

Conceding that the execution of a contract in writing, whether the law requires it to be written or not, supersedes all the oral negotiations or stipulations concerning the matter which preceded or accompanied the execution of the instrument, we submit that there is a well-known exception, which is that in an action for the purchase price of a machine, or other personal property, bought under a written contract, it may be shown by parol, as a matter of defense, that the contract was entered into by reason of false and fraudulent representations.    (See *McCormick Harvesting Mach. Co.* v. *Williams,* 99 Iowa, 601, 68 N. W. 907; *Geo. Barrie & Son* v. *Frost,* 105 Ill. App. 187; *Thomas* v. *Grise,* 1 Penne. (Del.) 381, 41 Atl. 883; *Jewett* v. *Carter,* 132 Mass. 335; *Holbrook* v. *Burt,* 39 Mass. (22 Pick.) 546; *Langley* v. *Rodriguez,* 122 Cal. 580, 68 Am. St. Rep. 70, 55 Pac. 406; *Clinch-Valley Coal etc. Co.* v. *Willing,* 180 Pa. 165, 57 Am. St. Rep. 626, 36 Atl. 737; *Lawrence* v. *Gayetty,* 78 Cal. 126, 12 Am. St. Rep. 29, 20 Pac. 382; *Henderson* v. *San Antonio etc. R. R. Co.,* 17 Tex. 560, 67 Am. Dec. 675.)    While we concede that it was necessary for the respondents to act within a reason-

able time after discovery by them that the machine had been misrepresented, we insist that what is a reasonable time under the facts and circumstances appearing in evidence in the case is a question for the jury. (*Wilder* v. *Beede,* 119 Cal. 646, 51 Pac. 1083; *Peabody* v. *Fellows,* 181 Mass. 26, 62 N. E. 1053.)

MR. JUSTICE SANNER delivered the opinion of the court.

Action to recover the unpaid balance of the purchase price of a certain gasoline lighting machine installed by the plaintiffs in the Luzon Cafe at Billings, under a written contract made with the defendant company on September 2, 1911. The price stipulated was $315. The complaint alleges performance of the contract by the plaintiffs, and nonperformance by the defendant company, save that it accepted the machine and paid $78.75 thereon.

The answer admits the payment of $78.75 on the machine, denies all the other allegations of the complaint, and alleges affirmatively that the contract was entered into solely upon the representations that the machine "could be run at a given expense for a given length of time," and without refilling with gasoline in the night-time; that the machine has to be refilled with gasoline at night in order to supply the lights required in the business of the defendant company, and that, in consequence of this, the said plant is useless and had to be abandoned. An alleged counterclaim is also set forth, to which attention will be hereafter directed.

The cause was tried to a jury and the issues were found against the plaintiffs, the defendant company also being awarded $78.75 upon its counterclaim. From the judgment entered upon the verdict and from an order denying a new trial plaintiffs have appealed. Twenty-three alleged errors are assigned, and these we shall group and consider as follows:

Assignments I, VI, XI and XII question the propriety of certain rulings admitting evidence touching the effect of the lighting plant upon the defendant company's insurance. The [1] contract does not contain any stipulation or warranty that the outfit would not affect the insurance; nor is it alleged in

the pleadings that the outfit did affect the insurance or that the contract was entered into upon any representations in that regard. The evidence was therefore irrelevant to the issues. Indeed, counsel for defendants, recognizing this, say in their brief: "We believe that this testimony was immaterial, and we are willing to concede that appellants' objection to it should have been sustained by the court and the evidence excluded. But, conceding the error in the court's ruling, we insist that the record discloses beyond question that no prejudice resulted to the appellants therefrom." We regret that complete assent cannot be given to the statement last made. The record un-[2] happily does not disclose beyond question, or even suggest, that no prejudice resulted from the admission of this evidence. On the contrary, it was of a character well calculated to direct the minds of the jury to a false consideration which, if entertained, could be regarded as of commanding importance. While prejudice will not be presumed from every erroneous ruling, still if the effect of a series of rulings is to submit evidence to the jury, of a matter of potential influence and under circumstances indicative of real importance in the case, it is a gratuity to say that no harm did or could result.

The rulings presented by assignments V, VII and VIII are of like character. By them the defendants were permitted to prove [3] that as an inducement to the execution of the contract, plaintiffs represented the lighting plant as capable of furnishing the light required at an operating cost of not to exceed $35 per month, whereas the actual cost of its operation was double that amount. The contract contains no such warranty and the pleadings allege no such representation. The only suggestion of any such thing is the averment of a representation that the plant "could be run at a given expense for a given length of time," but this is obviously inadequate to raise any issue.

Assignments II, III, IV, IX and X also relate to rulings upon evidence; but we find no prejudicial error in any of them. Under them, however, as well as under all the other assign-[4] ments relating to evidence, it is urged that no testimony of

alleged representations, whether pleaded or not, was admissible because the written contract superseded all prior negotiations between the parties and presumably contains the full text of their agreement. The plaintiffs mistake the full force of defendants' position, which is: that the contract was procured by false representations. (*Sathre* v. *Rolfe,* 31 Mont. 85, 77 Pac. 431; *McDonald* v. *Goodkind,* 22 Mont. 491, 56 Pac. 967; 2 Elliott on Contracts, p. 968, sec. 1650.) Aside from that, however, there was a valid reason for the admission of evidence of such representations as were properly pleaded, in the terms of the contract itself. It provides: "Party of the first part guarantees * * * that with the proper management it [the machine] is capable of doing first-class work, up to claims, conditioned that after starting the machine, the party of the second part will follow the directions," *etc.* What claims? None are made in the contract, and unless the stipulation that the machine shall be "up to claims" is meaningless, the reference must be to such claims as were made orally upon its behalf. The answer alleges one of such claims to have been that the machine would run all night without refilling, and that in this respect it altogether failed. So far as the testimony tended to show that such were the facts, we think no just objection was or could be made.

The sufficiency of the evidence as a whole is presented by assignment XXII. No good purpose would be served by discussing this matter at length. Three questions of fact were presented, *viz.:* Whether the contract was made upon plaintiffs' representation of the machine as capable of running all night without refilling; whether the plaintiffs installed the machine called for by the contract; and whether there was an acceptance of the machine by the defendants. Upon the first of these propositions the evidence was in irreconcilable conflict; upon the second there was a bare technical sufficiency; and upon the third, it is sufficient to say that an acceptance of the machine with knowledge of the particular defect in question is very strongly suggested by the testimony. Of course, if there was such acceptance, its result was to prevent such defect

from being available as a defense to an action for the purchase price, though it remained pleadable as a basis for counterclaim. (*Best Mfg. Co.* v. *Hutton, ante,* p. 78, 141 Pac. 653.)

It is contended, however (assignments XX and XXI), that [7] the subject of purchase money paid was not before the court as a basis for counterclaim; that error occurred in submitting it to the jury under instruction No. 11, and that the affirmative award of $78.75 to defendants was without justification. With this contention we are constrained to agree. The counterclaim, so far as it pertains to this subject, reads as follows: "For a further defense, and by way of counterclaim, the defendants herein complain and allege * * * that on or about the 2d day of September, 1911, they made an agreement with the plaintiffs for the installation of a certain gas engine; that said gas engine failed to perform the work claimed for it, in that it failed to run through the night without refilling; that the said defendants herein notified said plaintiffs of said defect by registered mail, that said plaintiffs wholly failed to remedy the defect and that the defendants subsequently notified the plaintiffs herein that under the conditions above stated the machine could not be accepted." These averments were obviously intended as preliminary to the allegation which follows asserting a counterclaim on account of an attachment issued out of the justice's court upon a suit for the purchase price, and in support of which no evidence whatever was offered at the trial. The present theory that the averments above quoted furnish any support for the return of the purchase money paid is untenable for several reasons. It will be readily observed that no mention whatever is made of any moneys paid upon the purchase price; that the failure of the machine to run all night without refilling is stated, not as a violation of representations made anterior to the contract relied on by plaintiffs, which was the theory of the defense proper, but as a breach of an agreement between the parties; yet neither by statement nor reference does it appear what the agreement was or that it is the contract relied on by plaintiffs.

Regarded as a counterclaim for a return of the purchase moneys paid, the pleading is obnoxious to the elementary rule that the matter alleged must tend to diminish or defeat the plaintiff's recovery (Rev. Codes, sec. 6541), and must constitute a cause of action complete within itself. (*Babcock* v. *Maxwell*, 21 Mont. 507, 512, 54 Pac. 943; *Anaconda C. M. Co.* v. *Thomas*, 48 Mont. 222, 137 Pac. 380.)

Assignments XIII, XIV, XV and XVI complain of refusal of the court to instruct the jury conformable to plaintiffs' requests Nos. 3, 4, 9 and 10, respectively. All of these, with the exception of No. 9, were properly refused. No. 3 because it was misleading; it restricted the jury to the written contract and in effect excluded the real defense that the outfit did not meet the representations upon which the contract itself was procured. The objection to No. 4 is that under it retention [8] and use for any period of time, however short, whether reasonable or not, would constitute an acceptance; this is not correct. No. 10 sought to submit the sufficiency of defendants' notice; but that was not in the case because the evidence discloses a waiver by plaintiffs of any failure therein. Offered [9] instruction No. 9 should have been given. Whatever technical view may be taken of defendants' position, it cannot be gainsaid that there was a formal contract between the parties. This the defendants sought to avoid because of the failure of the machine to meet certain alleged representations—in effect a rescission. It is undoubtedly the rule that a party seeking such relief must act promptly upon the discovery of facts authorizing it (Rev. Codes, sec. 5065); and while it is true that it is for the jury to say under all the circumstances whether promptness was exercised, there was nothing in the offered instruction to infringe that right, and the defendants were at liberty to have the matter enlarged upon by further instruction if they so desired.

Assignments XVII, XVIII and XIX relate to the giving of instructions 8, 9 and 10. These instructions are not open to the objections stated in the record.

The contention that the verdict is against law because contrary to instructions 1 and 3 is disposed of by what has been said above.

The judgment and order appealed from are reversed and the cause is remanded for a new trial.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.