PETIT, RESPONDENT, *v.* SINCLIER, APPELLANT.

(No. 3,714.)

(Submitted January 25, 1917. Decided February 24, 1917.)

[163 Pac. 467.]

*Real Property—Conveyances—Rescission—Fraud—Complaint— Sufficiency—Water Rights — Contracts in Writing — Parol Evidence—Variance—Briefs—Rules—Specifications of Error.*

Real Property—Water Rights—Conveyances—Rescission—Fraud—Complaint.
  1.  Complaint in an action seeking rescission of a contract of sale of agricultural lands needing irrigation, which in effect alleged that, though defendant represented to plaintiff that the ranch "had plenty of water and that water was going to waste thereon," the only water available for irrigation purposes was such as had to be procured from other persons, was sufficient to charge fraud, even though an inference was permissible therefrom that water, not under the control of defendant, was procurable elsewhere.

    [As to action to recover for false representations, see note in 18 Am. St. Rep. 555.]

Same—Fraud—Damages—Presumptions.
  2.  If the representations made by defendant, relating to a vital element of the contemplated transfer of land, were false and were relied upon by plaintiff, damage necessarily ensued to the latter.

───────────────

On the question of measure of damages for fraudulent representations in sale or exchange of real estate, see notes in 8 L. R. A. (n. s.) 804; 16 L. R. A. (n. s.) 818.

On measure of damages for fraud in exchange of real property, see note in 38 L. R. A. (n. s.) 465.

Same—Contracts in Writing—Parol Evidence—Admissibility.

3. In a suit to rescind a written contract for the sale of land for fraud inducing it, the rule that a writing cannot be varied by parol does not apply.

Same—Water Rights—False Representations.

4. A paper appropriation of water rendered unavailable by prior claims could not meet defendant's representation that there was plenty of water on the land he sold to plaintiff.

Same—Evidence—Variance—What is not.

5. In suit for rescission of a written contract stipulating for a conveyance by defendant of a right to 150 cubic inches of appropriated water per second of the waters of a creek used in connection with the irrigation of defendant's land, evidence tending to show that defendant possessed no such right was not inadmissible as an attempt to vary the terms of a writing.

Appeal and Error—Briefs—Rules—Specifications.

6. Unless appellant's brief presents alleged error in the admission of evidence, in the manner pointed out by subsection b, section 3, of Rule X, rules of the supreme court, it is not entitled to consideration.

*Appeal from District Court, Yellowstone County; Geo. W. Pierson, Judge.*

SUIT by Julia B. Petit against Naomi Sinclier. From a judgment for plaintiff and an order denying defendant's motion for new trial, defendant appeals. Affirmed.

*Mr. C. R. Ingle,* for Appellant, submitted a brief and argued the cause orally.

*Mr. F. B. Reynolds,* for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE SANNER delivered the opinion of the court.

The plaintiff, Julia B. Petit, and the defendant, Naomi Sinclier, contracted in writing for the conveyance by the defendant to the plaintiff of a certain tract of land consisting of 161.19 acres in Carbon county, together with all the defendant's "right, title and interest in and to 150 cubic inches of appropriated water per second of time of the waters of Blue Water Creek, * * * and used in connection with the irrigation of said lands," and "one and one-half shares of the capital stock of Orchard Ditch Company, a Montana corporation," the consid-

eration to be $500 cash, $3,500 in two promissory notes secured by mortgage upon the property above mentioned, and a deed to certain real estate belonging to plaintiff in Billings (subject to a mortgage for $2,000). The money was paid, the notes and mortgages were given, the deeds were delivered, and each party went into possession of the property exchanged in pursuance of the contract. Shortly thereafter the plaintiff brought this suit to enforce a rescission of the contract, to have returned to her the payment made, and to cancel the notes, mortgage and deed executed pursuant thereto, upon the ground that she was induced to enter into the same by the fraud of the defendant, alleged as follows: "That said contract was negotiated with plaintiff by defendant and her husband Isaac Sinclier, acting as and for her agent in said matter; that at and before the making of said contract, and as an inducement for plaintiff to enter into said contract, defendant and said Isaac Sinclier, acting as her agent, represented to plaintiff that said ranch, then owned by defendant and mentioned in said contract, had plenty of water for purposes of irrigation, and that water was going to waste thereon, and that it was the intention of defendant and her said agent thereby to inform plaintiff and have her understand that water in defendant's own right was available at said ranch for the purposes of irrigation, and was so situated as to be reasonably efficient for irrigation purposes, and that such representations were material, and the truth or falsity thereof vitally affected the value and utility of said lands; that said representations were false and fraudulent, were known by defendant and said Isaac Sinclier to be false, in that they did not have at that time, had not had previously, nor has she had since that time any water that, under existing conditions, could be delivered to said ranch; that no water has at any time been plentiful enough upon said ranch that it has gone to waste thereon, and that the only waters that have been available for the irrigation of said ranch within at least the past year have been waters procured from a private ditch of a third party, and

in which water defendant has not conveyed, and cannot convey, to plaintiff any interest.''

The cause was tried to the district court of Yellowstone county sitting without a jury, and such trial resulted in findings of fact and conclusions of law favorable to the plaintiff. Judgment was entered conformable to the prayer of the complaint, and from it, as well as from an order denying the defendant's motion for new trial, these appeals are taken.

The main contention is that the representations alleged in [1] the complaint do not constitute fraud, ''do not put in issue the question of sufficiency of water, and are pregnant with the admission of plenty of water.'' This is clearly untenable, if we understand it aright. The parties were dealing with respect to certain lands which confessedly require water for their most successful use; the availability of such water in quantity sufficient for the purpose was therefore a vital consideration, and any false representation touching that and relied upon must of necessity be a fraud. The representation alleged, in connection with this matter, is ''that said ranch had plenty of water, and that water was going to waste thereon.'' This conveyed, and must have been intended to convey, the idea that the defendant owned or controlled and could transfer with said lands a right to the use of water sufficient in quantity and so situated as to be usable at her will for the irrigation of all the lands. It does not aid her, nor adversely affect the complaint, to say that it permits the inference of ''plenty of water'' in the creek or elsewhere, if that water was, for any reason, not subject to her command.

It is further contended that the evidence does not justify the result, in that the statement imputed to the defendant was true, and that the plaintiff was not shown to have relied upon it or to have been damaged by it. It is a permissible inference from the evidence that the total flow of Blue Water Creek during the irrigation season is not sufficient to supply the rights confessedly prior to that transferred by the defendant to the plaintiff, and that in point of fact neither the defendant nor her predecessors

in interest ever posted any notices at the point of diversion pursuant to such claim of appropriation, or ever perfected the same by the construction of ditches, or ever diverted any water claimed thereunder, save through the Orchard Company ditch. It is true that on one occasion, for a period of about five days, such diversion amounted to something like 108 inches; but this was due to the complaisance of others, who might have interfered. Her interest in the Orchard ditch, as covered by the contract, was only one and one-half shares, or three-fortieths of its total carrying capacity, and the total carrying capacity of that ditch did not exceed 500 inches. A consideration of the entire record satisfies us that the court was justified in its finding against the truth of defendant's representations. So, too, there was warrant for the inference that the plaintiff relied upon these representations. She says she did, and she could not have done otherwise. She might—as she did—cause an examination of the records to be made and thus be held to know what the records would disclose. But the existence of prior rights sufficient to consume all the waters of the creek could not be definitely ascertained from the records, because they might not show the total flowage of the creek and would not show what deductions could be made for abandonments, nonuser or return of waters to the creek. It is needless to add that if the representations which [2] related to a vital element of the transaction were false and were relied on, damage necessarily ensued.

Again it is insisted "that the written contract, having fixed [3] the amount of water, cannot be varied by parol, and the amount of water or priority is not in issue." The answer is threefold: (a) This is a suit to enforce a rescission for fraud inducing the contract; hence the rule invoked does not apply. (*Hillman* v. *Luzon Café Co.*, 49 Mont. 180, 142 Pac. 641; *Sathre* v. *Rolfe*, 31 Mont. 85, 77 Pac. 431.)   (b) The amount, as measured by the needs of the place, and the priority of defendant's right, as affecting the availability of the water claimed thereunder, were distinctly put in issue; the existence of a mere [4] paper appropriation, rendered unavailing by prior claims

taking up all the source of supply, could not meet the representations. (c) The written contract stipulated a conveyance [5] by defendant of a right to "one hundred fifty cubic inches of appropriated water per second of time of the waters of Blue Water Creek, used in connection with the irrigation of said lands." The evidence which tended to show that there was no such right can hardly be condemned as a variation of the terms of the written contract.

Finally, attention is called in a general way to certain rulings in the admission of evidence which, it is said, were erroneous. None of these appear to have been open to the objection argued [6] in the brief. Moreover, there is no such specification as under Rule X, section 3, subdivision "b," rules of this court (123 Pac. xii), entitled them to consideration here.

The judgment and order are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.